**UNITED STATES of America,
Appellee,**

v.

**James ASHLEY, Appellant,
No. 144, Docket 26419.**

United States Court of Appeals
Second Circuit.

Argued Nov. 18, 1960.

Decided Jan. 27, 1961.

James Ashley, pro se.

S. Hazard Gillespie, Jr., U. S. Atty., Southern Dist. of New York, New York City (Alfred Donati, Jr., Gideon Cashman, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before LUMBARD, Chief Judge, and WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

Appellant was tried to and convicted by a jury upon an indictment charging him with having violated 21 U.S.C.A. §§ 173 and 174. The Government proof was overwhelming that 40 grains of cocaine were sold for one hundred dollars at the time and place alleged in the indictment and under the circumstances testified to by U. S. narcotics agents. Appellant was positively identified as the seller. Appellant testified in his own defense. He denied having had any part in the narcotics transaction alleged in the indictment or that he had ever sold narcotics, but in his direct examination he stated that he had been convicted on at least three occasions for selling policy numbers, that policy writing was his business, and that at the time of his arrest on the narcotics charge he was being sought by U. S. Immigration authorities.

Appellant, after having rejected three attorneys, was represented at trial by competent court assigned counsel, who in the words of the trial judge "was very vigilant and vigorous, and who fought for his [Ashley's] rights." The present appeal is preferred *pro se*, however, for appellant claims as one of four points he has raised on appeal that he was inadequately represented at trial. We have searched the record and cannot find any justification for this claim. We find it frivolous.

Two of the three remaining points, equally frivolous, are claims that appellant was illegally arrested and that after the illegal arrest he was unconscionably interrogated. Nothing seized from him, or from his residence at the time of his arrest, or seized afterwards prior to arraignment, was sought to be offered in evidence by the Government. There was no testimony of police brutality. No written statement of appellant was received in evidence. Appellant did not confess to the officers that he committed the crime. In fact, the only testimony respecting anything appellant said after his arrest was the testimony of one agent who was permitted without objection to testify that during the post-arrest interrogation appellant admitted knowing the purchaser of the cocaine but had flatly denied that he had made the sale in issue.

The fourth point appellant advances is that the assistant district attorney's cross-examination of him was so prejudicial and the summation to the jury was so undignified and so intemperate as to require reversal of the conviction. Appellant's credibility was the one crucial issue in the case. The jury was required to decide whether the testimony of the purchaser, a government witness, that defendant sold him the cocaine, or whether appellant's story that he did not participate in the sale, was the believable testimony. Of course the district attorney's cross-examination dealt with this crucial issue opened up by the appellant, and the summation pointed up what the appellant himself had testified to with respect to appellant's activity and means of livelihood. We find no prejudicial error in the cross-examination or in the summation.

The conviction is affirmed.